NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4090-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CAMILE LAMAR WILLIAMS,

 Defendant-Appellant.

________________________________

 Submitted February 6, 2017 – Decided February 27, 2017

 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 06-11-2028.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michele C. Buckley, Designated
 Counsel, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Lillian Kayed,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Camile Williams appeals from a January 28, 2015

order denying his petition for post-conviction relief (PCR). He

argues his trial counsel misinformed him that testimony he gave
at a codefendant's trial was inadmissible at his trial, advice

defendant claims he relied on in rejecting a plea. Defendant also

alleges trial counsel was ineffective for failing to prepare him

to testify at his trial. For the reasons that follow, we affirm.

 In November 2006, a Hudson County grand jury returned a 111-

count indictment against defendant and five codefendants. The

indictment charged defendant with twenty-seven counts of first-

degree robbery, N.J.S.A. 2C:15-1; seven counts of second-degree

conspiracy to commit armed robbery, N.J.S.A. 2C:15-1 and N.J.S.A.

2C:5-2; three counts of fourth-degree aggravated assault, N.J.S.A.

2C:12-1(b)(4); one count of second-degree attempted armed robbery,

N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-1; and fifty-eight weapons

offenses.

 On March 26, 2007, four months after the grand jury returned

the indictment, defendant accepted a plea offer. He pled guilty

to seven counts of armed robbery and agreed to testify truthfully

at his codefendants' trials. In exchange, the State agreed to

recommend an aggregate fifteen-year custodial sentence with an

eighty-five percent period of parole ineligibility.

 Thereafter, defendant testified at the trial of codefendant

Bradley Burgess. Defendant disavowed the statement he gave to

police implicating Burgess in the armed robbery for which Burgess

was on trial. Defendant testified Burgess was not involved in the

 2 A-4090-14T3
robbery.1 During his testimony, defendant admitted his role in

the robbery for which Burgess was on trial, as well as his role

in other robberies.

 Following Burgess' trial, the State moved to vacate

defendant's guilty plea. A new attorney – the attorney defendant

now claims was ineffective – represented defendant at the hearing

on the State's motion. During the hearing, defense counsel had

defendant confirm her advice that if the plea were vacated, the

case would proceed to trial. Defendant acknowledged he had been

so informed. Defense counsel continued:

 [Defense counsel]: And you're also aware
 that you did come to court and testify at the
 trial in the matter of State v. Bradley
 Burgess, correct?

 [Defendant]: Yes.

 [Defense counsel]: And it's my understanding
 that at that time you also made statements
 that may implicate yourself, correct?

 [Defendant]: Yes.

 [Defense counsel]: And you're aware that if
 your case goes to trial, the State may be able
 to use those statements that you made?

1
 Before the Burgess trial, defendant had prepared a written
statement disavowing the statement he gave to the police
implicating Burgess. At a hearing out of the presence of the
jury, during questioning by counsel for Burgess, defendant
acknowledged that he had prepared the written statement
exonerating Burgess on his own. He also testified he was aware
the statement would affect his plea.

 3 A-4090-14T3
 [Defendant]: Yes.

 [Defense counsel]: And the only way that that
 would happen, the case would proceed to trial,
 is if the Judge takes back your guilty plea,
 correct?

 [Defendant]: Yes.

 [Defense counsel]: And did you instruct me,
 knowing all of that, that you did not want me
 to oppose this motion?

 [Defendant]: Yes.

 [Defense counsel]: Who made that decision?

 [Defendant]: I did.

 [Defense counsel]: Is that your decision made
 voluntarily?

 [Defendant]: Yes.

 [Defense counsel]: And I advised you with
 regards to the consequences and what could
 take place if . . . we did not oppose this
 motion.

 [Defendant]: Right.

 Defendant was tried and convicted on multiple counts. After

appropriate mergers, the trial court sentenced him to an aggregate

forty-year custodial term subject to the No Early Release Act

(NERA), N.J.S.A. 2C:43-7.2. On direct appeal, we reversed four

of defendant's robbery convictions and remanded for correction of

the judgment of conviction as to those counts, but otherwise

affirmed defendant's convictions and sentence. State v. Williams,

 4 A-4090-14T3
No. A-3084-10 (App. Div. Dec. 24, 2012). The Supreme Court denied

defendant's petition for certification. State v. Williams, 214

N.J. 176 (2013).

 The following year, defendant filed his PCR petition. He

alleged counsel was ineffective for failing to properly

investigate the case, for failing to move to dismiss some counts

of the indictment, and for other reasons. The court appointed

counsel and defendant filed a supplemental certification and

brief. He alleged, among other claims, trial counsel was

ineffective for failing to explain that defendant's testimony at

Burgess' trial could be used against him at his own trial,

regardless of whether he testified. Defendant also alleged trial

counsel failed to prepare him to testify at his trial.

 The PCR judge conducted an evidentiary hearing on defendant's

petition. At the hearing, defendant testified his trial attorney

told him if he did not testify during his trial, the State could

not use the testimony he gave at Burgess' trial: "[s]he just told

me, basically, that as long as I don't take the stand the testimony

couldn't come in, that's the only way it could come in."

 According to defendant, counsel's erroneous advice affected

his decision to accept the plea. He claimed that had he known the

videotape of his previous testimony would be used at his trial,

he would have taken the plea bargain and never gone to trial. When

 5 A-4090-14T3
asked why, he replied: "[b]ecause less time. Forty years from

[fifteen] years is a big difference."

 Defendant acknowledged he testified at his trial, but said

he did so only because "the tape [of his previous testimony] was

already in, so there was nothing else left for [him] to do but

testify to [his] [version] of the story." In terms of his own

testimony, defendant claimed his trial counsel never prepared him.

He asserted she did not review basic rules of testimony, topics

she would cover, or practice questions. In short, he maintained

counsel prepared him for neither his direct examination nor cross-

examination.

 On cross-examination, defendant conceded he had given

fourteen separate statements to the police about his involvement

in the robberies. He acknowledged counsel had told him that if

not suppressed, his inculpatory statements could be used against

him at his trial. Defendant admitted his attorney told him his

testimony at his codefendant's trial might be used against him if

his case went to trial. Defendant also admitted counsel told him

the only way the State could use his statements would be in the

event the court granted the State's motion to vacate his guilty

plea. Lastly, defendant acknowledged it was his decision not to

oppose the State's motion, and that he made the decision

voluntarily.

 6 A-4090-14T3
 Defendant's trial counsel testified at the PCR hearing. She

explained she had filed a pre-trial motion to suppress the

statements defendant gave to police after his arrest. The trial

court denied the motion. During the trial, when the State decided

to use defendant's testimony from his codefendant's trial, counsel

also attempted to bar the State from doing so. Once again, she

was unsuccessful.

 Counsel testified she prepared defendant for trial and

ultimately for his testimony. She explained she met with defendant

numerous times at the jail. Defendant had a copy of all discovery,

including transcripts and statements. Before the trial began,

counsel explained to defendant what evidence the State would use

against him and the consequences if he chose to testify. Counsel

stated she would further prepare defendant to testify at the close

of the State's case.

 Once defendant decided to testify, counsel "went over his

entire case[,]" asking questions as if she were the prosecutor.

Counsel explained she could not say for certain what the State

would ask defendant, but could only guess.

 In a written decision filed January 28, 2015, the PCR judge

denied defendant's petition. The judge determined trial counsel

had "incorrectly advised [defendant] that his testimony at the

codefendant's trial would only be admissible if he were to

 7 A-4090-14T3
testify[.]" According to the judge, the record from defendant's

trial and trial counsel's testimony at the PCR hearing supported

defendant's claim trial counsel had misinformed him about the use

of his prior testimony. The judge based these determinations on,

among other reasons, trial counsel's testimony at the PCR hearing

about how she strenuously and repeatedly argued against the

admissibility of defendant's prior testimony at his own trial.2

 Nonetheless, the judge determined defendant could not show

he suffered prejudice as a result. The judge pointed out defendant

declined a twenty-year plea offer from the State following his

unsuccessful motion to suppress fourteen confessions he made to

the police. The judge rejected as not credible defendant's

testimony that had he known his testimony from codefendant's trial

could have been used at his trial, he would not have refused the

plea offer. The judge noted that in his confessions, defendant

admitted to directly participating in the robberies of four

establishments and serving as the lookout during the robbery of a

fifth establishment. The judge also cited instances in other

2
 In her written decision, the PCR judge did not comment on the
explicit advice trial counsel gave defendant at the hearing on the
State's motion to vacate the plea; namely, that if defendant chose
to go to trial, the State might be able to use the testimony he
gave at his codefendant's trial against him.

 8 A-4090-14T3
statements where defendant admitted to participating to some

degree in other robberies.

 Additionally, the judge rejected as not credible defendant's

"self-serving testimony that trial counsel advised him he had to

take the stand once the videotape [of his testimony at his

codefendant's trial] was played and then neglected to prepare him

for his direct and cross[-]examination." The judge noted defendant

"has failed to specify how his testimony would have been different

had trial counsel better prepared him."

 On appeal, defendant contends:

 POINT I

 THE PCR COURT IMPROPERLY DENIED MR. WILLIAMS'S
 PETITION FOR POST-CONVICTION RELIEF WHERE MR.
 WILLIAMS ESTABLISHED THAT HE RELIED ON
 COUNSEL'S ERRONEOUS ADVICE WHEN HE REJECTED
 THE STATE'S PLEA OFFER AND RECEIVED A
 SIGNIFICANTLY HIGHER SENTENCE AFTER TRIAL.

 A. Counsel erroneously advised
 Mr. Williams that his prior
 trial testimony could not be
 used against him at trial,
 which impacted the plea
 process [and] greatly
 prejudiced Mr. Williams.

 B. Trial counsel failed to
 adequately prepare for trial
 and to prepare Mr. Williams to
 testify in his own defense.

 To prove ineffective assistance of counsel, a defendant must

satisfy the Strickland two-part test by demonstrating counsel's

 9 A-4090-14T3
performance was deficient, that is, "that counsel made errors so

serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment;" and "there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052,

2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); accord, State v.

Fritz, 105 N.J. 42, 58 (1987). Applying that standard, we affirm,

substantially for the reasons given by the PCR judge.

 The judge rejected as not credible defendant's claim he would

not have rejected a plea had he known his testimony at his

codefendant's trial could be used against him at his trial. We

generally defer "to those findings of the trial judge which are

substantially influenced by [the] opportunity to hear and see the

witnesses and to have the 'feel' of the case, which a reviewing

court cannot enjoy." State v. Johnson, 42 N.J. 146, 161 (1964).

This principle is particularly applicable to the case before us.

Here, defendant claims his decision to accept or reject a plea was

affected by erroneous advice about the use of testimony he had

given in another trial, yet seemingly unaffected by his fourteen

admissible confessions. Defendant has failed to establish the

second Strickland prong, namely, "there is a reasonable

probability that, but for counsel's unprofessional errors, the

 10 A-4090-14T3
result of the proceeding would have been different." Strickland,

supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

 We also agree with the PCR judge that defendant's bare

allegation his attorney did not prepare him to testify is

insufficient to establish an ineffective-assistance claim. State

v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied,

162 N.J. 199 (1999). Defendant's remaining arguments are without

sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

 Affirmed.

 11 A-4090-14T3